## Siple's Estate

*Austin E. McCollough, Jr.,* for exceptants.
*William J. Blank,* contra.

CHARLES, P. J., March 16, 1939.—The present exceptions raise the question of order of payment of debts owing by a decedent.

John G. Siple died, testate, on August 28, 1937. The administration account filed by the executrix shows that the estate is insolvent. The accountant takes credit for payment of costs and expenses of administration of the estate, last sickness and burial expenses, and shows a balance in her hands for distribution to other creditors of $120.50.

At the audit of the account, claims of creditors were presented amounting to $311.49, all of which were claims

of common creditors. One of the claimants was the Commonwealth of Pennsylvania, Department of Public Assistance, for old-age assistance advanced in the lifetime of decedent from May 1937 to July 1937, inclusive, with interest thereon, amounting to $79.77. The amounts of the claims were not disputed. Pursuant to the provisions of section 13 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §501, the balance in the hands of accountant was awarded pro rata to creditors on account of their claims, excluding from such distribution the claim of the Commonwealth.

To this award, the Commonwealth has filed the exceptions presently before us, and contends that under the provisions of the Support and Public Assistance Laws it should have been awarded a pro rata distribution with other creditors.

The one firmly-established principle of the law of decedents' estates is preference in order of payment of debts owing by a decedent. Section 13 (a) of the Fiduciaries Act, supra, provides that debts due to the Commonwealth should be last paid, and is a reënactment of the Act of February 24, 1834, P. L. 73, which has been the law since its enactment. Prior thereto, the Act of April 19, 1794, 3 Sm. L. 143, 148, gave the order of preference in payment and provided that debts due the Commonwealth should be last paid. See footnote to Ferguson's Estate, 325 Pa. 34, 38. Thus for a period of nearly 150 years, the policy of the legislature has been to place debts due the Commonwealth in last place in order of payment of a decedent's debts—after all other debts, without regard to the quality of the same. It is not likely that the legislature would change this long-existing policy except by legislation intended to specifically provide such change and having a special reference to or association with the estates of decedents.

The Support Law of June 24, 1937, P. L. 2045, sec. 4 (b), and section 15 of the Old Age Assistance Law of June 25, 1936, P. L. 28, to which our attention was di-

rected by counsel for exceptant, do provide that claims for assistance furnished under said laws shall have the same force and effect against the property of a deceased beneficiary as other debts of a decedent and shall be recoverable in the same manner. There still remains the question of preference. Exceptant argues that because the phraseology of these acts is virtually identical with that of the former poor laws under which claims of the county poor districts, now institution districts, for assistance furnished are paid, pro rata, with other common creditors, the same reasoning should apply to the claim of the Commonwealth. In this contention, counsel overlooks the established order of payment of debts of the law of decedents' estates. Although the Support and Public Assistance Acts contain general repeal clauses, it is not conceivable that the legislature intended thereby to change its long-established policy of order of payment of debts owing by decedents in an act or acts having no special reference to or association with the estates of decedents.

In the Estate of Charles A. McKeown, Orphans' Court of Cambria County, not reported, President Judge A. A. Nelson of said court held that the priority provided by section 310 of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, did not govern distribution of a decedent's estate, and that such distribution was governed by the Fiduciaries Act, supra, sec. 13(a). Judge Nelson discussed at considerable length the established characteristics of the law of decedents' estates of preferences in order of payment of debts, citing the footnote to Ferguson's Estate, supra. He also held:

"Repeal by implication is never favored: McNair v. Allegheny Co., 328 Pa. 3, and 'an act will not be construed to repeal or modify earlier legislation if by giving such effect to the act an apparent purpose would appear to disturb an established system of written law covering a vital field in our system of government. . . . It would be most unreasonable to suppose that a legislative body

intended by doubtful inference to repeal salutary provisions in a very early statute which in numerous enactments have been cautiously preserved,' 25 R. C. L. 919, sec. 169."

There is no merit in the argument of counsel for exceptant that one half of the claim should receive priority over all other debts pursuant to the Act of August 14, 1935, 49 Stat. at L. 620, sec. 2, 42 U. S. C. §302, which provides:

". . . if the State or any of its political subdivisions collects from the estate of any recipient of old-age assistance any amount with respect to old-age assistance furnished him under the plan, one-half of the net amount so collected shall be promptly paid to the United States." The United States is not a creditor of this estate.

And now, March 16, 1939, exceptions are dismissed and the adjudication is confirmed absolutely.